UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN MARTIN PADILLA, | ) | 1:03-cv-05996-AWI-SMS-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** (Doc. 20) |
| v. | ) | |
| | ) | **ORDER DENYING PETITION FOR** |
| MIKE KNOWLES, Warden, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO** |
| | ) | **ENTER JUDGMENT** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On April 14, 2005, the Magistrate Judge filed a Report and Recommendation that the Petition for Writ of Habeas Corpus be DENIED, and that judgment be entered in favor of Respondent. This Report and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On May 18, 2005, Petitioner filed objections to the Report and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

1 objections, the Court concludes that the Magistrate Judge's Report
2 and Recommendation is supported by the record and proper analysis.
3 Petitioner's objections present no grounds for questioning the
4 Magistrate Judge's analysis.

5     In his objections, Petitioner contends that the Magistrate
6 Judge erred by not considering the "state court record."
7 Specifically, Petitioner argues the Magistrate Judge did not
8 consider the declarations of his attorney and himself, apparently
9 confirming the attorney never told Petitioner that his guilty plea
10 to burglary could count as a strike, and did not consider the
11 transcripts of the proceedings.  The failure of the court to
12 review declarations which Plaintiff believes would assist him is
13 not the fault of the Magistrate Judge.  In a habeas corpus
14 proceeding, the burden is on Petitioner to prove, by a
15 preponderance of the evidence, the facts necessary to support his
16 claim.  McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir.1994).
17 "Conclusory allegations which are not supported by a statement of
18 specific facts do not warrant habeas relief." James v. Borg, 24
19 F.3d 20, 26 (9th Cir.1994).  Thus, Petitioner should have provided
20 the declarations to the court and not assumed that the Magistrate
21 Judge would somehow obtain every possible document concerning this
22 case.

23     Regardless of whose responsibility it was to provide evidence
24 helpful to Petitioner, the court will assume for the purposes of
25 ruling on the pending petition that, at the time he pled guilty,
26 Petitioner was not advised that his guilty plea could be used as a
27 strike against him in later proceedings. As explained by the
28 Magistrate Judge, a plea is knowing and voluntary if the defendant

is made fully aware of a plea's direct consequences. <u>United States v. Brownlie</u>, 915 F.2d 527, 528 (9th Cir.1990); <u>Carter v. McCarthy</u>, 806 F.2d 1373, 1375 (9th Cir.1986).  Habeas corpus relief is not available if the defendant is not informed of all  collateral consequences of the plea. <u>Torrey v. Estelle</u>, 842 F.2d 234, 235 (9th Cir.1988).  The possibility that a future sentence could be enhanced by the guilty plea is only a collateral consequence of the plea. <u>Brownlie</u>, 915 F.2d at 528; <u>United States v. Garrett</u>, 680 F.2d 64, 65-66 (9th Cir.1982).  Thus, the constitution was not violated even if the court assumes Petitioner did not know his guilty plea could be used as a strike.  In addition, as explained by the Magistrate Judge, Petitioner has not yet suffered any prejudice from this guilty plea.  The Magistrate Judge found, and Petitioner has not contested, that Petitioner's more recent convictions were **not** enhanced by the prior guilty plea.

    Accordingly, IT IS HEREBY ORDERED that:

    1.   The Report and Recommendation, filed April 14, 2005, is ADOPTED IN FULL;

    2.   The Petition for Writ of Habeas Corpus is DENIED; and,

    3.   The Clerk of Court ENTER judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   August 22, 2005**                    /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE